## PEOPLE *v.* GRAY.

1. CRIMINAL LAW—ASSAULT WITH DANGEROUS WEAPON—ADJOURN-MENT.

In prosecution for assault with dangerous weapon with intent to rob, trial court did not err in refusing to grant adjournment, in absence of showing that defendant would thereby have been in any better position for trial (3 Comp. Laws 1929, § 17196).

2. SAME—CONTINUANCE—NEW TRIAL.

In said prosecution trial court did not err in refusing to grant adjournment, continuance over term, change of venue, quash array, or grant new trial.

3. SAME—TRIAL—REQUESTS TO CHARGE.

Error assigned upon trial court's failure to give two of defendant's requests to charge, which do not appear in record and are not discussed in his brief, is not considered.

4. SAME—EVIDENCE—QUESTIONS REVIEWABLE.

Objection that incompetent evidence was introduced over defendant's objection is not considered, where his brief does not point it out or show that he was prejudiced.

5. SAME—SUFFICIENCY OF EVIDENCE—ROBBERY ARMED.

In prosecution for assault with dangerous weapon with intent to rob, verdict of guilty *held*, supported by evidence.

6. SAME—ACCESSORY—PRINCIPAL—STATUTES.

Person who. procures, counsels, aids, or abets in commission of offense is punishable as if he had directly committed said offense (3 Comp. Laws 1929, § 17253).

7. SAME—ASSIGNMENTS OF ERROR—NOTICE OF APPEAL.

Alleged error in charge in relation to burden of establishing defendant's defense is not considered, where no error was properly assigned thereon in defendant's reasons for appeal.

Appeal from Montmorency; Smith (Fred P.), J. Submitted June 16, 1933. (Docket No. 101, Calendar No. 36,901.) Decided June 29, 1933.

Perry Gray was convicted of assault with a dan-
gerous weapon with intent to rob and steal.   Af-
firmed.

*Carton & Gault,* for appellant.

*Patrick H. O'Brien,* Attorney General, and *Isa-
dore Isackson,* Prosecuting Attorney, for the peo-
ple.

POTTER, J.   Defendant was arrested and informed
against for assaulting James Keegan with a dan-
gerous weapon with intent to rob and steal.   From
judgment of conviction, defendant appeals, claim-
ing the trial court erred in refusing to grant defend-
ant one week after arraignment in which to prepare
for trial; that the court erred in charging the jury
with reference to accessories, with reference to de-
fendant's being an active principal, with reference
to defendant's testimony; defendant did not have a
fair and impartial trial; and the court erred in not
granting defendant's motion for a new trial.

Defendant Gray and one Turner attempted to rob
James Keegan, a keeper of a gasoline station at
Hillman, Montmorency county, in the nighttime.
Defendant awakened Keegan who sold and delivered
gasoline to defendant.   Defendant asked for ciga-
rettes.   When Keegan entered the station, procured
the cigarettes or turned to procure them, he was
covered by Turner's sawed-off shotgun and ordered
to hold up his hands.   He did not do so.   He was
shot with a revolver or pistol.   There was testimony
from which it may be fairly inferred defendant
Gray shot him.   After Keegan was shot, defendant
attacked him and Turner struck Keegan with a
sawed-off shotgun which discharged and shot
Turner in the stomach.   Both Turner and Gray left

the gasoline station. The shotgun was found about 75 feet from the station. Turner went a little distance farther and was found in a ditch, dying, and soon after died. Gray made his escape in an automobile. Turner berated Gray and said he had a notion to shoot him. Gray was captured at Fairview, brought back to Montmorency county and placed in jail. He denied all participation in the crime. Examination was had June 16th, and defendant bound over to the circuit court June 18th, but a transcript of the testimony taken on the examination was not filed until June 24th. Defendant's trial started the same day. He claims the court was in error in denying his motion for an extension of time to prepare for trial and relies on 3 Comp. Laws 1929, § 17196, which indicates that in case of arrest examination shall be held at a time not exceeding 10 days from time of arrest. It does not appear defendant would have been in any better position for trial 10 or 60 days from June 24th. No prejudice is shown to have resulted from a speedy and public trial.

The trial court did not err in refusing to grant an adjournment, a continuance over the term, a change of venue, quash the array, or grant a new trial.

Error is assigned upon the failure of the trial court to give two of defendant's requests to charge, which requests do not appear in the record and are not discussed in defendant's brief.

It is claimed incompetent evidence was introduced by the people over defendant's objections but defendant's brief does not point out the incompetent testimony complained of, or show defendant was prejudiced.

The verdict was not contrary to, but in accord with, the evidence, there being ample testimony to show defendant guilty either as a principal, a con-

federate, an accomplice of Turner or an accessory; and every person concerned in the commission of an offense, whether he directly commits the act constituting the. offense or procures, counsels, aids, or abets in its commission may be prosecuted, indicted, tried, and on conviction shall be punished as if he had directly committed such offense. 3 Comp. Laws 1929, § 17253.

The charge of the court is said to have been erroneous in relation to the burden of establishing defendant's defense. We do not discuss it, no error having been properly assigned thereon in defendant's reasons for appeal. We find no reversible error.

Conviction affirmed.

McDONALD, C. J., and CLARK, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.